

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2008

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Johnson" (2008). *2008 Decisions.* Paper 995.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/995

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2416

UNITED STATES OF AMERICA

v.

ROGER M. JOHNSON,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 06-00060)
Honorable Edwin M. Kosik, District Judge

Submitted under Third Circuit LAR 34.1(a)
June 10, 2008

BEFORE: AMBRO, CHAGARES, and GREENBERG, Circuit Judges

(Filed: June 20, 2008)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on Roger M. Johnson's appeal from a

judgment of conviction and sentence entered on May 3, 2007, on the basis of his plea of

guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of

interference of interstate commerce by robbery in violation of 18 U.S.C. § 1951. Johnson entered his guilty plea pursuant to a plea agreement with the Government. Johnson was a career offender under U.S.S.G. § 4B1.1 and had a total offense level of 29, a combination that resulted in a sentencing range of 151 to 188 months. The District Court imposed a custodial 150-month term to be followed by a supervised release term. In view of the circumstance that Johnson committed the federal offenses for which the court sentenced him after escaping from the Northampton Pennsylvania County prison and while a fugitive from the prison, the federal sentence was to be served consecutively to a state term he was serving. The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

Johnson's attorney has filed a motion pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), for leave to withdraw as counsel as he has been unable to identify an issue of even arguable merit that he can raise on the appeal. The Government agrees that Johnson "has not presented any non-frivolous issues for appeal." Appellee's br. at 27. Thus, it does not oppose the Anders motion and urges that we affirm the judgment of conviction and sentence. On August 1, 2007, our clerk advised Johnson of the Anders motion and gave him an opportunity to file a brief in which he could raise any points explaining why his "conviction and/or sentence should be overturned." Johnson has not filed such a brief or any brief at all.

By reason of the Anders motion we have reviewed the record independently and

can find no basis for granting Johnson relief on this appeal. In this review we, inter alia, have examined the sentence for procedural errors in its imposition and for substantive reasonableness. See Gall v. United States, 128 S.Ct. 586, 597 (2007). We also have taken note of our comment in United States v. Cooper, 437 F.3d 324, 331 (3d Cir. 2006), that a sentence within the guidelines range is "more likely to be reasonable than one that lies outside the advisory guidelines range. . . ." Here, of course, the sentence was one month below the bottom of the range, a variance or departure of which the Government does not complain. Overall the sentence was completely reasonable and we cannot say that the District Court abused its discretion in imposing it or made any other error entitling Johnson to relief on this appeal.

The judgment of conviction and sentence entered May 3, 2007, will be affirmed.